Curia, per
Frost, J.
Sarah Lamar’s right of dower is not disputed; but it is denied by the appellant that the action can be maintained, in her name, as demandant, for the use of Pro-thro. This depends on the nature of the interest assigned. There can be no doubt, that after her dower is assigned and set out to the widow, she has an estate of freehold in the land ad-measured to her, with all the powers and incidents appertaining to such an estate. But the right or interest of the widow, in the lands of which her husband died seized, between the time of his death and the admeasurement of her dower, is anomalous. Although, by the death of her husband, her title to a free-hold estate in one-third of the .lands, of which he died seized, is consummated, yet she acquires no right 'of possession, nor of entry, nor can she exercise any act of ownership, until that third part is set out to her, in severalty. The widow can have no posses-sory action, nor take dower until it is assigned. It may be assigned without livery of seizin, or writing. Co. Lit. 34, a; 37, b ; Rowe vs. Power, 2 B. & P. N. R. 34. If deforced, she was driven, at common law, to the real action of a writ of dower. Damages were not recoverable for the detention of the land, *520 until given by the statute of Merton, (20 Hen. 3. c. 1.) This statute is not of force in this State, and, in the Court of law, the widow cannot claim damages when her husband dies seized. By the Act of 1824, they are given only against the alienee of her husband. McCreary vs. Cloud, (2 Bail. 343;) Wright vs. Jennings, (1 Bail. 277.)
From these qualities and incidents of the right of dower, it is manifest that it is not an estate. Nor can it be treated as an interest in land, which may be transferred, so as to vest the legal title in the alienee. After the expiration of her quarantine, the widow has no right to enter on the land, nor any usufruct of it, until her dower is admeasured, and is liable, as a trespasser, if she remains on the land. McCully vs. Smith, (2 Bail. 103.) The right of dower is treated by conveyancers, in England, as an incumbrance, and, for most purposes, nothing more than a right of action, which is transferable in no other mode than by release to the terre-tenant, by way of extinguishment. Park on Dower, 335, (11 Law Lib. 153.)
Holding a right of dower to be a chose in action, by the deed of Sarah Lamar to Prothro no estate nor legal interest in the land was transferred to him; so that he could not maintain an action for the recovery of dower, in his own name. But though the legal interest in a chose in action cannot be assigned, the beneficial interest may be; and a Court of law will notice and protect it. As when other choses in action are assigned, the as-signee may sue, in the name of the assignor; so the widow may, as demandant, for the use of her assignee, institute proceedings for the recovery and admeasurement of dower; at least, the action will be maintained, when, as in this case, no conflicting claim is interposed.
The terms of the deed are clearly sufficient to transfer Mrs. Lamar’s right of dower. There are expressions which import an extinguishment of the right; but they are inoperative, since Prothro was not seized of any estate of freehold in which it could be extinguished.
*521 It is plain, for the reasons stated in the report, that the judgment of Scott vs. Pi othro cannot estop this action.
The motion is refused.
O’Neall, Evans, Withers and Whitner, JJ., concurred.

Motion refused.